UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EDWARD SOLOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:23-CV-382-CEA-JEM |
| v. | ) |
| | ) |
| JAMES P. FISCHER, | ) |
| | ) |
| Defendant. | ) |

### ORDER & REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed in Forma Pauperis ("Application") [Doc. 1] and on his Complaints [Docs. 2, 4].[1] For the reasons more fully stated below, the undersigned **GRANTS** Plaintiff's Application [**Doc. 1**] and **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's Complaints [**Docs. 2, 4**].

**I.     DETERMINATION ABOUT THE FILING FEE**

Plaintiff has filed an Application [Doc. 1] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs

---

[1]     Plaintiff filed his original Complaint on October 27, 2023 [Doc. 1]. A week later, on October 27, 2023, Plaintiff filed the Amendment to Relief Requested [Doc. 4], which adds a claim of relief. In addition, Plaintiff includes allegations in his Application [*See* Doc. 1 p. 1]. The Court has screened all of Plaintiff's allegations to determine if he has stated a claim of relief. *See Tolliver v. Noble*, 752 F. App'x 254, 266 (6th Cir. 2018) (explaining that courts should review a pro se plaintiff's other filings during the screening process (collecting cases)).

of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has no income and few assets. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

II.     RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, sua sponte dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999).[2] The dismissal standard

---

[2]     Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status. *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to

2

Case 3:23-cv-00382-CEA-JEM    Document 5    Filed 04/30/24    Page 2 of 7    PageID #: 39

articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A. **Summary of the Allegations**

Plaintiff filed his Complaint, naming Defendant James Paul Fischer, an officer ("Officer Fischer") [Doc. 2 p. 2].[3] He alleges violations of Amendments V, IX, XIV to and § 1 of the United States Constitution and violations of 18 U.S.C. § 242 [*Id*. at 3]. According to Plaintiff, on April 17, 2022, Officer Fischer "arrested the exercise of [Plaintiff's] liberty and use of property by issuing a commercial citation" [*Id*. at 5].[4] Plaintiff, however, was using a non-commercial vehicle and does not own a commercial license [*Id*.]. Officer Fischer had Plaintiff's vehicle towed, claiming that Plaintiff did not have insurance [*Id*.]. Plaintiff alleges that the statute only requires

---

screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

[3] The Complaint does not specify whether Officer Fischer works for the Monroe County Sheriff's Office or the Vonore Police Department [*See* Doc. 2 p. 2].

[4] According to Plaintiff's motion to quash the indictment, which he filed in state court, on October 5, 2022, the grand jury issued a true bill charging Plaintiff of driving while his "privilege to do so was cancelled, suspended[,] revoked contrary to T.C.A. § 55-50-504" [Doc. 4-1 p. 1].

3

"proof of financial responsibility" and "[i]nsurance is only one form of financial responsibility [that] is only required following an accident" [*Id.*]. Plaintiff was not involved in an accident [*Id.*].

"The citation, without injunctive relief," Plaintiff asserts, "could cause deprivation of [his] liberty for 6 months" [*Id.*]. He fears that "the officer, prosecutor, and the judge [are] conspiring against [his] rights" [*Id.*]. According to Plaintiff, he was forced to proceed pro se in his state criminal case, having been denied counsel twice [*Id.*]. Plaintiff seeks the following relief: (1) "The dismissal of the commercial charge against [his] private, constitutional right to liberty, travel, and use of property[,]" (2) "[t]he recognition of said rights as per stare decisis[,]" (3) "[t]he monetary amount of $180, for the recovery of [his] automobile from Martin's Auto Body and Towing, and the gas paid to do it[,]" (4) "[a]n estimated $200 for gas paid for lawyers['] meeting[s], court dates, and other incidents[,]" (5) "[a]ny appropriate amount the [C]ourt decides for sleepless nights, worry, legal research, and acting as [his] own lawyer over the past year[,]" (6) "[a] minimum $15 per hour for an estimated 40+ hours traveling to court, appearance in court[,] and meeting with lawyers[,]" and (7) "[a] judgement [sic] that [Tennessee Code Annotated] § 55-50-504 only applies to commercial licenses" [*Id.* at 6].

In his Amended Complaint, Plaintiff asserts his eighth request: (8) "[a] preliminary injunction of the prosecution against [his] person in the criminal court for Monroe County, Tennessee, Case No. 22350[,] which is set for October 31[], 2023" [Doc. 4 p. 1]. He includes references to various case law and includes his motion to quash the indictment that he filed in his state criminal court case [Doc. 4-1].

B. Screening

Considering Plaintiff's reference to the United States Constitution, the Court will construe his claim as one brought pursuant to 42 U.S.C. § 1983. *Roath v. Lee*, No. 3:17-CV-00995,

2019 WL 3066533, at *7 (M.D. Tenn. July 12, 2019) ("Section 1983 provides the exclusive remedy for constitutional violations." (citation omitted)). Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Plaintiff alleges constitutional violations against Officer Fischer for arresting him. It appears, however, that his claims are barred by *Younger v. Harris*, 401 U.S. 37 (1971). For the Court to invoke the *Younger* abstention doctrine, three requirements must be met: "1) there must be on-going state judicial proceedings; 2) those proceedings must implicate important state interests; and 3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990)). "So long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." *Id*. (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)); *see also Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28, 30 (6th Cir. 1984) ("In the typical *Younger* case, the federal plaintiff is a defendant in ongoing or threatened state court proceedings seeking to enjoin continuation of those state proceedings.").

In his Complaint, Plaintiff discusses his criminal case, noting that he has been "forced" to proceed pro se [Doc. 2 p. 5]. He states that Officer Fischer arrested him on April 17, 2022, he had

5

Case 3:23-cv-00382-CEA-JEM    Document 5    Filed 04/30/24    Page 5 of 7    PageID #: 42

a court appearance in July/August 2022, and that the grand jury issued a true bill on October 5, 2022 [Doc. 4-1 p. 1]. He seeks the dismissal of his charge [Doc. 2 p. 6] and an injunction against the prosecution from proceeding [Doc. 4 p. 1]. And Plaintiff has filed the same motion in this Court that he filed in his state court criminal case [Doc. 4-1]. Thus, the first element is met. *See Fed. Exp. Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir. 1991) (explaining that "if a state proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied" (citation omitted)). The Court further finds that Plaintiff's criminal cases implicate important state interests, and there is nothing before the Court to suggest that Plaintiff will not have an adequate opportunity in state court to raise any constitutional challenges. *See Hardin v. Jordan*, No. 3:23-cv-375-TRM-JEM, Doc. 12 (E.D. Tenn. Nov. 20, 2023) (raising the issue of abstention sua sponte and dismissing the plaintiffs' claims without prejudice given that "Tennessee has an interest in the criminal prosecution of Plaintiff and there is no evidence that Plaintiff will not have an adequate opportunity in state court to raise constitutional challenges to his arrest").

Plaintiff also alleges a violation of 18 U.S.C. § 242, but he does not have standing to assert this claim. *Womack v. Memphis Mental Health Inst.*, No. 222CV02701, 2023 WL 4994946, at *4 (W.D. Tenn. Aug. 4, 2023) ("The statutes [the p]laintiff listed here are federal criminal statutes under Title 18 of the United States Code. Individuals do not bring cases under criminal statutes, the government does.").

### C. Amendment

The Court has considered whether to allow Plaintiff to amend his pleadings [Docs. 2, 4]. Even if leave to amend were granted, Plaintiff would be unable to cure the defects described above because his claims are legally barred.

### III. CONCLUSION

For the reasons explained above, the undersigned **GRANTS** Plaintiff's Application to Procced in Forma Pauperis [**Doc. 1**][5] and **RECOMMENDS**[6] that the District Judge **DISMISS** his Complaints [**Doc. 1, 4**].

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[5] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[6] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).