EDWARD SOLOE,                          )
                                       )          Case No. 3:23-cv-382
          *Plaintiff*,                 )
                                       )          Judge Atchley
v.                                     )
                                       )          Magistrate Judge McCook
JAMES P. FISCHER,                      )
                                       )
          *Defendant*.                 )

## <u>ORDER</u>

Before the Court is the Magistrate Judge's Report and Recommendation [Doc. 5]. The Magistrate Judge granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis [Doc. 1] and recommends that Plaintiff's Complaint [Doc. 2] and Amended Complaint [Doc. 4] be dismissed. [Doc. 5 at 1]. Plaintiff filed an Objection [Doc. 6] to the Report and Recommendation. For the reasons explained below, the Report and Recommendation will be **ADOPTED IN PART** and **MODIFIED IN PART**.

## I.    FACTUAL BACKGROUND

Plaintiff Edward Soloe, proceeding pro se, filed his Complaint against Defendant James Fischer. [Doc. 2]. Fischer works as an officer at the Vonore Police Department, and Soloe asserts claims against Officer Fischer for violations of various constitutional provisions, including the Fifth, Ninth, and Fourteenth Amendments. [*Id.* at 3, 5; Doc. 6 at 5]. Soloe alleges that on April 17, 2022, Officer Fischer issued a citation to him for violation of TENN. CODE ANN. § 55-50-504, which prohibits driving with a suspended license. [Doc. 2 at 5]. Officer Fischer had Soloe's vehicle towed due to his lack of insurance. [*Id.*]. A Monroe County grand jury indicted Soloe for the alleged violation of TENN. CODE ANN. § 55-50-504 on October 5, 2022. [Doc. 4-1 at 1].

Soloe disputes the validity of the charge against him. The relevant Tennessee statute, in Soloe's view, only requires those who operate commercial vehicles to obtain driver's licenses. [Doc. 2 at 5; Doc. 6 at 2]. Soloe contends that he did not need a driver's license while operating a non-commercial vehicle. [*Id.*]. Moreover, Soloe disputes any notion that he was required to maintain car insurance. [Doc. 2 at 5; Doc. 6 at 4–5]. He claims that for non-commercial vehicles, insurance is only required following an accident. [*Id.*].

Soloe asserts numerous claims in his Complaint and Amended Complaint. [Docs. 2, 4]. His requests for relief include (1) dismissal of the charge against him; (2) recognition of his rights to liberty, travel, and use of property under stare decisis; (3) payment of $180 for recovery of his towed vehicle; (4) payment of $200 for fuel expenses necessary to meet with attorneys and attend court; (5) compensation for "sleepless nights, worry, legal research," and his self-representation; (6) compensation at a rate of $15 per hour for time spent traveling to court, attending to court, and meeting with attorneys; (7) a judgment that TENN. CODE ANN. § 55-50-504 only applies to commercial licenses; and (8) a preliminary injunction against the Monroe County prosecution. [Doc. 2 at 6; Doc. 4 at 1].

The Magistrate Judge screened the Complaint and Amended Complaint pursuant to 28 U.S.C. § 1915 and deemed Soloe's claims barred by *Younger v. Harris*, 401 U.S. 37 (1971), which created the *Younger* abstention doctrine. [Doc. 5 at 5]. Considering *Younger*'s application, the Magistrate Judge characterized Soloe's amendment as futile and recommends dismissal of the Complaint and Amended Complaint. [*Id.* at 7]. Soloe filed an Objection to the Magistrate Judge's Report and Recommendation, wherein he largely rehashes his views on when driver's licenses and insurance are required. [*See generally* Doc. 6]. The Magistrate Judge's Report and Recommendation is now ripe for the Court's review.

## II. STANDARD OF REVIEW

"The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations." *Wynne v. Berryhill*, No. 1:16-cv-260, 2017 WL 3835887, at *1 (E.D. Tenn. Sept. 1, 2017) (citing 28 U.S.C. § 636(b)(1)). A party's specific objections are reviewed *de novo*. *Partin v. Astrue*, No. 3:11-cv-365, 2012 WL 1344266, at *1 (E.D. Tenn. Apr. 18, 2012). General and frivolous objections, on the other hand, are not entitled to *de novo* review and may be deemed waived. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

## III. ANALYSIS

To the extent Soloe's Objection is liberally construed, the Court concludes that Soloe takes issue with the Magistrate Judge's application of *Younger*. Soloe appears to argue that the bad faith exception to *Younger* applies to his case, meaning that the Court should not abstain from resolving his claims. [Doc. 6 at 2–5]. For the following reasons, the Court agrees with the Magistrate Judge and concludes that *Younger* applies to Soloe's claims.

### A. Applicability of *Younger*

*Younger* abstention exists to prevent federal courts from unnecessarily interfering with ongoing state criminal prosecutions. *Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44). The typical *Younger* situation is straightforward: a person subject to pending state criminal proceedings files "a parallel federal action involving claims that could have been raised in the state case." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998) (citations omitted). The federal court will abstain under *Younger* when the relevant state

3

proceeding "(1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Id.* (citations omitted).

The Magistrate Judge concluded that all three elements were satisfied, and Soloe does not offer any specific objections to these conclusions. [Doc. 5 at 5–6]. Indeed, the record supports the Magistrate Judge's conclusions as to each element. Regarding the first element, a state criminal proceeding is deemed pending if it is ongoing "at the time the action is filed in federal court." *Fed. Express Corp.*, 925 F.2d 962, 969 (6th Cir. 1991) (citation omitted). Soloe alleges a grand jury indicted him on October 17, 2022, and nothing in the record suggests the criminal proceeding concluded before Soloe filed this action on October 20, 2023.[1] Consequently, the first element of *Younger* is satisfied.

The second and third elements are easily met. "[I]t is axiomatic that state criminal proceedings involve important state interests." *Doe v. Lee*, No. 3:21-cv-809, 2022 WL 1164228, at *6 (M.D. Tenn. Apr. 19, 2022) (citing *Juidice v. Vail*, 430 U.S. 327, 345 (1977)). Soloe's state criminal proceeding serves an important state interest and therefore satisfies the second element. As to the third element, courts "must presume that the state courts are able to protect the interests of the federal plaintiff." *Meyers v. Franklin Cnty. Ct. of Common Pleas*, 23 F. App'x 201, 205 (6th Cir. 2001) (citations omitted). And the plaintiff bears the burden of demonstrating the state court's inability to protect his interests. *Id.* The Court presumes that Tennessee state courts can adequately protect Soloe's constitutional rights, and Soloe has offered no evidence to suggest otherwise. For these reasons, the third factor is satisfied, and *Younger* requires the Court to abstain, unless an exception applies.

---

[1] In fact, Soloe's Amended Complaint adds a claim to enjoin the prosecution against him, which he claims "is set for October 31st, 2023." [Doc. 4 at 1]. Thus, the record suggests Soloe's state criminal proceeding was pending when he filed this suit.

4

*Younger* establishes exceptions to its applicability, including "bad faith, harassment, or flagrant unconstitutionality." *Squire v. Coughlan*, 469 F.3d 551, 557 (6th Cir. 2006) (quoting *Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996)). If an exception applies, the federal court can decline to abstain. *Id.* Soloe appears to rely on the bad faith and harassment exceptions. In his Objection, Soloe argues that prosecutors and courts act in bad faith whenever non-commercial drivers like him are charged under TENN. CODE ANN. § 55-50-504. [Doc. 6 at 2]. Soloe asserts that these prosecutions proceed "under false pretenses" and satisfy the bad faith and harassment exceptions to the *Younger* doctrine. [*Id.* at 3].

The Sixth Circuit and Supreme Court apply the bad faith and harassment exceptions narrowly. Specifically, "the Supreme Court has applied the bad faith/harassment exception 'to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions." *Lloyd v. Doherty*, No. 18-3552, 2018 WL 6584288, at *4 (6th Cir. Nov. 27, 2018) (quoting *Ken-N.K., Inc. v. Vernon Twp.*, 18 F. App'x 319, 324–25 n.2 (6th Cir. 2001)). Soloe does allege in his Objection that Officer Fischer and the prosecution were aware that he had two previous driving on a suspended license criminal cases that were dismissed. [Doc. 6 at 5]. Beyond this assertion, however, Soloe does not specifically contend that those earlier prosecutions were brought for purposes of harassment or "without 'any expectation of securing valid convictions.'" *Doe*, 2022 WL 1164228, at *8 (quoting *Dombrowski v. Pfister*, 380 U.S. 479, 482 (1965)). Nor does Soloe elaborate on the circumstances surrounding the earlier cases' dismissals. Considering the "extremely narrow" nature of the bad faith and harassment exceptions, the Court concludes that Soloe has failed to demonstrate its applicability to this case. *Lloyd*, 2018 WL 6584288, at *4 (citations omitted).

5

In any event, even if Soloe's passing reference to the earlier prosecutions provided evidence of bad faith or harassment, these allegations are nowhere to be found in his Complaint or Amended Complaint. [*See generally* Docs. 2, 4]. Soloe only mentions the alleged earlier prosecutions in his Objection, while his Complaint and Amended Complaint focus entirely on his pending criminal prosecution. [*Id.*; Doc. 6 at 2]. The Court need not consider these new allegations raised for the first time in Soloe's Objection. *Norton v. Barker*, No. 2:21-cv-84, 2021 WL 4128865, at *2 (E.D. Tenn. Sept. 9, 2021) (citing *Peterson v. Hopson*, No. 2:17-cv-02891, 2018 WL 4431409, at *1 (W.D. Tenn. Sept. 14, 2018)). Accordingly, the bad faith and harassment exceptions do not apply, and the Magistrate Judge correctly concluded that *Younger* requires the Court to abstain.

### B. Equitable Versus Legal Claims

When *Younger* applies, how the federal court must respond depends on the types of claims asserted. If the plaintiff asserts equitable claims, such as those seeking injunctive and declaratory relief, the federal court should dismiss them without prejudice. *Lloyd*, 2018 WL 6584288, at *4 (affirming dismissal of equitable claim when *Younger* applied); *Meyers*, 23 F. App'x at 206 (same). For claims that seek damages, however, the federal court should issue a stay as to those claims and not evaluate their merits until after the state criminal proceeding concludes. *Doe*, 860 F.3d at 372; *Carroll*, 139 F.3d at 1075. Because state criminal proceedings can take years to complete, issuing a stay, as opposed to ordering dismissal, protects against statute of limitations defenses that would arise if the plaintiff was required to refile his federal suit. *Carroll*, 139 F.3d at 1076.

Soloe asserts claims for both equitable and legal relief. His equitable claims include those that seek (1) dismissal of the charge against him; (2) recognition of his rights to liberty, travel, and use of property under stare decisis; (3) a judgment that TENN. CODE ANN. § 55-50-504 only applies

to commercial licenses; and (4) a preliminary injunction against the Monroe County prosecution. [Doc. 2 at 6; Doc. 4 at 1]. Given *Younger*'s application, the Magistrate Judge correctly concluded that these claims must be dismissed. The Court will abstain from adjudicating these equitable claims and dismiss them without prejudice.

The result is different as to Soloe's remaining claims. Among those claims, Soloe seeks damages for towing expenses, traveling expenses, and legal expenses. [Doc. 2 at 6]. These claims appear entirely frivolous, but Sixth Circuit precedent requires the Court to refrain from addressing these requests for damages until after Soloe's state criminal proceeding concludes. Accordingly, the Magistrate Judge's Report and Recommendation will be modified to the extent it recommends dismissal of Soloe's claims for damages. The Court will stay the case as to those claims pending the conclusion of Soloe's state criminal proceeding.

On this point, Soloe's state criminal proceeding remains pending for purposes of *Younger* until he "has exhausted his state appellate remedies." *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) (citations omitted). The Court notes that it lacks the ability to monitor the day-to-day progression of Soloe's state criminal proceeding in Monroe County and determine whether it has concluded. For purposes of preparing this Order, the Court did peruse Monroe County's criminal docket and discovered an apparent entry in Soloe's case. The entry is from October 30, 2023, and includes a handwritten notation next to Soloe's case caption which reads "Plea – Drive on suspended."[2] The Court will not draw any conclusions from this entry, but it could suggest that Soloe entered a plea in his case.

Soloe is the Plaintiff in this case, so it is his responsibility to diligently prosecute this matter. Because the Court cannot know the status of his criminal proceedings, he must update the

---

[2] This docket entry can be found on page twenty-seven at http://monroecircuitcourt.com/pdf/Scan2023-10-30_174118.pdf.

Court regarding the status of his state criminal proceeding in Monroe County. Timely updates from Soloe regarding his criminal case will allow this matter to be unstayed and resolved as expeditiously as possible. To that end, Soloe is **ORDERED** to file a status report within **14 days** of the entry of this Order advising as to the status of his criminal case in Monroe County, Case No. 22350. In the status report, Soloe shall indicate whether he has entered a plea and/or been sentenced, including the date of his sentencing if applicable. The status report shall also indicate whether Soloe has appealed his conviction, if any, in state court. Soloe is placed **ON NOTICE** that any failure to comply with the terms of this Order may result in dismissal of his case with prejudice.

### C. 18 U.S.C. § 242 Claim

The Magistrate Judge also recommends that Soloe's claim brought pursuant to 18 U.S.C. § 242 be dismissed. [Doc. 5 at 6]. That statute makes it a crime for a person acting under color of law to willfully deprive another of their constitutional rights. 18 U.S.C. § 242. Reviewing Soloe's claim, the Magistrate Judge concluded that Soloe, as a private citizen, lacks standing to assert a claim under a federal criminal statute. [Doc. 5 at 6]. The Court agrees, and Soloe does not offer any objection on this point, beyond stating that he believes his right to sue under 42 U.S.C. § 1983 is dependent on violations of 18 U.S.C. § 242. [Doc. 6 at 7]. This objection is without merit, and the Court adopts the Magistrate Judge's recommendation to dismiss Soloe's claim brought under 18 U.S.C. § 242.

### IV. CONCLUSION

The Magistrate Judge's Report and Recommendation [Doc. 5] is **ADOPTED IN PART** and **MODIFIED IN PART**. The Report and Recommendation is adopted to the extent it recommends dismissal of Soloe's equitable claims. Accordingly, Soloe's claims that seek (1)

8

dismissal of the charge against him; (2) recognition of his rights to liberty, travel, and use of property under stare decisis; (3) a judgment that TENN. CODE ANN. § 55-50-504 only applies to commercial licenses; and (4) a preliminary injunction against the Monroe County prosecution are **DISMISSED WITHOUT PREJUDICE**.

On the other hand, the Report and Recommendation is modified insofar as it recommends dismissal of Soloe's remaining claims that seek damages. These claims, which include Soloe's request for (1) payment of $180 for recovery of his towed vehicle; (2) payment of $200 for fuel expenses necessary to meet with attorneys and attend court; (3) compensation for "sleepless nights, worry, legal research," and his self-representation; and (4) compensation at a rate of $15 per hour for time spent traveling to court, attending to court, and meeting with attorneys, are not subject to dismissal at this time. Instead, this matter will be **STAYED** as to these claims pending the conclusion of Soloe's state criminal proceeding.

To ensure the Court remains updated as to the status of the state criminal proceeding, Soloe is **ORDERED** to provide a status report within **14** days of the entry of this Order in accordance with the terms set forth above. Once again, Soloe is placed **ON NOTICE** that any failure to provide a status report may result in dismissal of his case with prejudice.

**SO ORDERED.**

/s/ Charles E. Atchley, Jr.
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

9