UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EDWARD SOLOE, | ) |
| *Plaintiff*, | ) Case No. 3:23-cv-382 |
| | ) Judge Atchley |
| v. | ) |
| | ) Magistrate Judge McCook |
| JAMES P. FISCHER, | ) |
| *Defendant*. | ) |

# ORDER

Before the Court are Plaintiff Edward Soloe's Complaint [Doc. 2] and Amended Complaint [Doc. 4]. Plaintiff advances several claims arising from his arrest and conviction for driving with a suspended license. For the reasons explained below, Plaintiff's claims are frivolous as defined in 28 U.S.C. § 1915(e)(2)(B), and they will be **DISMISSED WITH PREJUDICE**.

## I. FACTUAL BACKGROUND

Plaintiff Edward Soloe, proceeding pro se, filed his Complaint against Defendant James Fischer. [Doc. 2]. Fischer works as an officer at the Vonore Police Department, and Soloe asserts claims against Officer Fischer for violations of various constitutional provisions, including the Fifth, Ninth, and Fourteenth Amendments. [*Id.* at 3, 5; Doc. 6 at 5]. Soloe alleges that on April 17, 2022, Officer Fischer issued a citation to him for violation of TENN. CODE ANN. § 55-50-504, which prohibits driving with a suspended license. [Doc. 2 at 5]. Officer Fischer had Soloe's vehicle towed due to his lack of insurance. [*Id.*]. A Monroe County, Tennessee grand jury indicted Soloe for the alleged violation of TENN. CODE ANN. § 55-50-504 on October 5, 2022. [Doc. 4-1 at 1]. Soloe ultimately pled no contest and was sentenced to six months of unsupervised probation on October 30, 2023. [Doc. 12 at 1].

Soloe disputes the validity of the charge against him. The relevant Tennessee statute, in Soloe's view, only requires those who operate commercial vehicles to obtain driver's licenses. [Doc. 2 at 5; Doc. 6 at 2]. Soloe contends that he did not need a driver's license while operating a non-commercial vehicle. [*Id.*]. Moreover, Soloe disputes any notion that he was required to maintain car insurance. [Doc. 2 at 5; Doc. 6 at 4–5]. He claims that for non-commercial vehicles, insurance is only required following an accident. [*Id.*].

Soloe asserts numerous claims in his Complaint and Amended Complaint. [Docs. 2, 4]. His requests for relief include (1) dismissal of the charge against him; (2) recognition of his rights to liberty, travel, and use of property under stare decisis; (3) payment of $180 for recovery of his towed vehicle; (4) payment of $200 for fuel expenses necessary to meet with attorneys and attend court; (5) compensation for "sleepless nights, worry, legal research," and his self-representation; (6) compensation at a rate of $15 per hour for time spent traveling to court, attending court, and meeting with attorneys; (7) a judgment that TENN. CODE ANN. § 55-50-504 only applies to commercial licenses; and (8) a preliminary injunction against the Monroe County prosecution. [Doc. 2 at 6; Doc. 4 at 1].

The Magistrate Judge screened the Complaint and Amended Complaint pursuant to 28 U.S.C. § 1915 and deemed Soloe's claims barred by *Younger v. Harris*, 401 U.S. 37 (1971), which created the *Younger* abstention doctrine. [Doc. 5 at 5]. Considering *Younger*'s application, the Magistrate Judge characterized Soloe's amendment as futile and recommended dismissal of the Complaint and Amended Complaint. [*Id.* at 7]. The Court modified the recommendation in part, finding that *Younger* precluded Soloe's equitable claims, but his claims for damages—reflected in claims three, four, five, and six—could not be dismissed at that time. [Doc. 7 at 6–7]. This was so because under Sixth Circuit case law, when *Younger* applies, courts should issue a stay as to claims

that seek damages and not evaluate their merits until after the state criminal proceeding concludes. *Doe v. Univ. of Ky.*, 860 F.3d 365, 372 (6th Cir. 2017); *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1076 (6th Cir. 1998). Considering the then-existing record, the Court could not determine whether Soloe's state criminal proceeding had concluded, a predicament which led the Court to impose a stay. [Doc. 7 at 7, 9].

To avoid a prolonged stay, the Court ordered Soloe to file a status report advising as to the status of his criminal case in Monroe County. [*Id.* at 8]. As part of the status report, the Court required Soloe to indicate whether he had entered a plea, been sentenced, or appealed his conviction. [*Id.*]. The Court requested this information because for purposes of *Younger*, a state criminal proceeding remains pending until the state court defendant "has exhausted his state appellate remedies." *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) (citations omitted). Soloe filed a timely status report, wherein he explained that he agreed to plead no contest but did not otherwise address whether he had been sentenced or appealed his conviction. [Doc. 10 at 1]. Given these deficiencies, the Court ordered Soloe to file a second status report and reminded him to disclose whether he had been sentenced and appealed his conviction. [Doc. 11 at 1–2]. Soloe filed a second status report, and he indicated that he was sentenced on October 30, 2023, but did not appeal his conviction. [Doc. 12 at 1].

II. STANDARD OF REVIEW

The Prison Litigation Reform Act requires federal district courts to screen and dismiss any IFP complaints that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). IFP complaints that fall into any one of these three categories may be dismissed sua sponte. *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). "A complaint is frivolous 'if the plaintiff fails

3

to present a claim with 'an arguable basis either in law or in fact.'" *Dunn v. Post*, No. 21-1412, 2022 WL 1297586, at *2 (6th Cir. Jan. 27, 2022) (quoting *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008)). "The former occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional' allegations." *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

### III.  ANALYSIS

Soloe asserts several claims for damages in connection with his conviction for driving with a suspended license. Specifically, Soloe requests reimbursement for towing expenses, traveling expenses, and legal expenses. [Doc. 2 at 6]. Soloe's claims for damages are all premised on his view that he is not required to maintain a valid Tennessee driver's license.

Soloe does not specifically identify as a sovereign citizen in his filings, but his arguments—particularly those pertaining to driver's licenses and car insurance—bear the hallmark of sovereign citizen ideology. *Sposato v. Carey*, No. 5:23-cv-364, 2024 WL 637423, at *4 n.5 (N.D.N.Y. Feb. 15, 2024) (finding that the plaintiff's contentions that he did not need a driver's license or vehicle registration provided "classic examples of Sovereign Citizen ideology"); *Johnson v. Weare Police Dep't*, No. 12-cv-032, 2013 WL 5740453, at *2 n.2 (D.N.H. Oct. 23, 2013) (explaining that the plaintiff's "belief that he needs neither a driver's license nor a vehicle registration is consistent with those of the sovereign citizen movement"). And courts routinely dismiss these sovereign citizen arguments because they are "frivolous and a waste of court resources." *Joyce-Simpson v. AT&T Mobility*, No. 1:23-cv-1216, 2023 WL 8248061, at *3 (W.D. Tenn. Nov. 7, 2023) (citation omitted).

The Sixth Circuit has considered and rejected arguments similar to Soloe's. In *Dunn v. Post*, for example, the Sixth Circuit affirmed the district court's order dismissing the plaintiff's

4

complaint as frivolous and for failing to state a claim. *Dunn*, 2022 WL 1297586, at *2. The plaintiff in that case, like Soloe, claimed that he was not subject to the state's driver's license and proof-of-insurance requirements. *Id.* at *1. Rejecting the plaintiff's argument, the Sixth Circuit concluded that he "identified no constitutional right that would allow him to operate a motor vehicle in Michigan without a valid driver's license, registration, or proof of insurance, nor has he shown that any part of his underlying action states a plausible claim for relief." *Id.* at *2.

The facts here warrant the same conclusion reached in *Dunn*—namely, that Soloe's claims for damages must be dismissed as frivolous. Soloe's claims for damages hinge on his view that he is exempt from the requirement under Tennessee law that all drivers maintain a valid driver's license and proof of car insurance. But Soloe's view is plainly misguided. It is well-established that states may enforce traffic laws, including those that require individuals to hold valid driver's licenses before operating a motor vehicle. *See United States v. Warfield*, 404 F. App'x 994, 996 (6th Cir. 2011) (noting that the defendant could not contest that "state police could properly arrest him for driving on a suspended license"); *see also Wolshlager v. Gast*, No. 1:19-cv-293, 2019 WL 2250752, at *1 (W.D. Mich. May 2, 2019) (rejecting the plaintiff's argument that he was exempt from the state law requirement to maintain a valid driver's license). Soloe's claims for damages, which are part and parcel of his flawed interpretation of Tennessee traffic laws, rely on "indisputably meritless legal theories" and must be dismissed as frivolous. *Brand*, 526 F.3d at 923 (citations and internal quotation marks omitted).

IV. **CONCLUSION**

Soloe's claims for damages arising from his arrest and conviction for driving with a suspended license are frivolous. Considering this conclusion, Soloe's claims for damages are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). Because Soloe's

5

claims for legal and equitable relief have now been dismissed, the Clerk is **DIRECTED** to close the file. A separate Judgment Order will enter.

      **SO ORDERED**.

<u>*/s/ Charles E. Atchley, Jr.*</u>
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**
